# Exhibit 1

Approved, SCAO

|  | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|

| STATE OF MICHIGAN | MARGARET ZUZICH BAKKER | CASE NO. |
|---|---|---|
| **48th** JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS AND COMPLAINT | 2018- 59552- -CB |

Court address: 113 Chestnut Street, Allegan, Michigan 49010

Court telephone no.: (269) 673-0300

| Plaintiff's name(s), address(es), and telephone no(s). | Defendant's name(s), address(es), and telephone no(s). |
|---|---|
| S2 YACHTS, INC.<br>725 E 40TH STREET<br>HOLLAND, MI 49423<br>(616) 392-7163 | KOCH COMPANIES<br>4200 DAHLBERG DRIVE<br>GOLDEN VALLEY, MN 55422<br>(763) 302-5400 |

| Plaintiff's attorney, bar no., address, and telephone no. |
|---|
| Joe Sadler (P71829)<br>Honigman Miller Schwartz and Cohn LLP<br>300 Ottawa Avenue, NW, Suite 400<br>Grand Rapids, MI 49503<br>(616) 649-1904 |

ALLEGAN COUNTY
FILED
APR 20 2018
CS
DEPUTY CLERK

**SUMMONS** NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file a written answer with the court and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued 04-20-18 | This summons expires 07-19-18 | Court clerk |
|---|---|---|

**Family Division Cases** (The following is information required in the caption of every complaint and is to be completed by the plaintiff.)
☐ This case involves a minor who is under the continuing jurisdiction of another Michigan court. The name of the court, file number, and details are on page _____ of the attached complaint.
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**Civil Cases** (The following is information required in the caption of every complaint and is to be completed by the plaintiff.)
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| Holland, MI | Golden Valley, MN |

| Place where action arose or business conducted |
|---|
| Allegan County, MI |

| 4/20/2018<br>Date | /s/ Joe Sadler (P71829)<br>Signature of attorney/plaintiff |
|---|---|

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01   (6/17)   SUMMONS AND COMPLAINT   MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

Note to Plaintiff: The summons is invalid unless
served on or before its expiration date.

| **SUMMONS AND COMPLAINT** |
|---|
| Case No. 2018- |

**PROOF OF SERVICE**

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

| ☐ **OFFICER CERTIFICATE** | OR | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:  (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that:   (notarization required) |

☐ I served personally a copy of the summons and complaint.
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____

List all documents served with the Summons and Complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complel address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled | Fee $ | TOTAL FEE $ | Name (type or print) |
| | | | | Title |

Subscribed and sworn to before me on _____ , _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date                                              Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

_____ on behalf of _____
Signature

STATE OF MICHIGAN

IN THE 48TH CIRCUIT COURT FOR THE COUNTY OF ALLEGAN

S2 YACHTS, INC.,

    Plaintiff,

                                Civil Action No. 2018-5953-CB

vs.

                                Hon. MARGARET ZUZICH BAKKER

KOCH COMPANIES,

    Defendant.

_____

Joe Sadler, (PP71829)
Honigman Miller Schwartz and Cohn
300 Ottawa Avenue NW
Suite 400
Grand Rapids, Michigan 49503-2308
(616) 649-1904
Counsel for Plaintiff S2 Yachts, Inc.
_____

**COMPLAINT**

For its Complaint against Koch Companies, S2 Yachts Inc. states as follows:

1. S2 Yachts, Inc. is a Michigan corporation based in Holland, MI. It designs, builds and repairs boats, among other things. It does business under the name "Tiara Yachts."

2. Koch Companies is a Minnesota corporation based in Golden Valley, MN. It provides trucking, brokerage and logistics services.

3. This Court has jurisdiction over Koch because it entered into a contract to perform services in Michigan. MCL 600.715.

4. Venue is proper because the plaintiff is domiciled here and the contract was to be performed, in part, in Allegan County. MCL 600.1621(b).

## FACTUAL BACKGROUND

5.  S2 Yachts contracted with Koch to transport a luxury yacht, bearing hull number XA042, from Michigan to Stuart, Florida. (*See* Exhibit A, Contract). S2 intended to exhibit XA042 at boat shows in Florida, specifically the Miami Boat Show. XA042 had a retail value of approximately $1.7 million dollars when it left S2's custody.

6.  On or about December 7, 2017, Koch took custody of the boat in Holland and loaded it onto one of its trucks.

7.  From the time XA042 left S2's location, until its delivery in Florida, the boat was in the legal and actual custody of Koch. During that time, Koch owed contractual and common law duties to S2 to maintain the boat in a damage-free condition.

8.  On or about December 12, 2017, Koch's driver attempted to cross under an overpass in Ohio. The overpass was too low and lacked sufficient clearance for XA042. The boat crashed into the overpass and suffered significant damage.

9.  Koch eventually delivered XA042 to Stuart, FL in a heavily damaged state.

10. S2 immediately took steps to repair the boat, including sending experienced technicians from Michigan to Florida to assess the damage and assist in repairs.

11. S2 did not ask Koch for pre-payment of the repair bill before beginning – which, as the Court will see, would have been fruitless. Rather, S2 funded the repairs out of its own pocket.

12. S2 advised Koch that it was repairing the boat, which could not have been a surprise to Koch. It also advised that the repairs would be in the neighborhood of $130,000. At no time did Koch ask to inspect XA042 after it dropped the boat off in Florida.

2

13. The total bills for the damages are $124,493.41. This includes approximately $53,000 in parts and $52,000 in direct labor provided by S2's service technicians.

14. In light of XA042's $1.7 million price tag, and the incredible trauma that the vessel endured when slammed into a concrete overpass, these bills are reasonable on their face. S2 is qualified to provide repair services to its own boat, XA042. Both the hourly rate of the servicepersons, and the time spent on the repairs, are reasonable and consistent with industry norms.

15. Koch has not reimbursed S2 a single dollar for this accident.

16. Koch has denied that it is at fault, apparently on the grounds that one of its subcontractors selected the route and directed Koch's driver into the overpass.

17. Whether or not this is true, it is not a defense to S2's claims. S2 contracted with Koch only, and its subcontractor's alleged negligence does not vitiate the duties that Koch owed under the contract and common law.

18. Koch has also generally alleged that the repair costs are inflated, and has declined to make any payment for this reason.

19. Koch is a trucking company and has no expertise in the construction or repair of watercraft.

20. Koch's allegations are simply self-serving speculation designed to create a pretext for non-payment.

3

## COUNT 1 -- Breach of Contract

21. Under the parties' contract, as well as common law principles, Koch is liable for any loss or damage to XA042.

22. XA042 was damaged as a result of the negligence/mistake of Koch or, potentially, one of its third party subcontractors.

23. The possible negligence of a subcontractor is not a defense, under the contract and common law, against S2's claims.

24. S2 is free from any fault and did not cause or contribute to the accident which damaged XA042.

25. S2 incurred $124, 493.41 (inclusive of parts and labor) in repairing XA042.

Respectfully submitted,

HONIGMAN MILLER SCHWARTZ AND COHN
Counsel for Plaintiff S2 Yachts, Inc.

By: _____
     Joe Sadler, (PP71829)
     300 Ottawa Avenue NW
     Suite 400
     Grand Rapids, Michigan 49503-2308
     (616) 649-1904

Dated: April 20, 2018

27443938.1

EXHIBIT A

# Koch

Stan Koch & Sons Trucking, Inc.
800-445-0079
www.kochcompanies.com

*12-27*

Page 1 of 1

**NUMBER WHEN REMITTING**

| INVOICE NUMBER | 2529136A |
|---|---|

**Shipper:** TIARA YACHTS
725 East 40th Street
Holland, MI  49423

**Consignee:** HINKLEY YACHT SERVICE
4550 Se Boatyard Dr
Stuart, FL  34994

**Bill To:** TIARA YACHTS
725 East 40th Street
Holland, MI  49423

**Please Remit To:** Stan Koch and Sons Trucking, Inc.
SDS-12-2753
PO BOX 86
MINNEAPOLIS MN 55486-2753
Terms are 15 Days from Receipt of
Invoice.  Thank You!

| REFERENCE # | PREPARED BY | BILLING DATE | SHIP DATE | TRACTOR # | TRAILER # | COMMODITY |
|---|---|---|---|---|---|---|
| OQ | SNM | 12/22/2017 | 12/7/2017 | 55181 | 816001 | TIAMI |
| VIN XC013 | | | | | | |

| DESCRIPTION | ACTUAL WEIGHT | ACTUAL PIECES | BILLING QUANTITY | RATE | CHARGES |
|---|---|---|---|---|---|
| Hinkley Yacht Service Stuart, Fl 34994 Boat | | 1 Pieces | | | |
| Freight (flat) | | | 1 Flat  11,000.00 Flat | | $11,000.00 |

Total Charges    $11,000.00

Total Miles for this Invoice: 1334
Total Weight for this Invoice:

*hcbl*

In accordance with the *Uniform Photographic Copies of Business and Public Records As Evidence Act* and the *Federal Rules of Evidence*, the electronic images printed on the enclosed documents are unaltered duplicate reproductions of the original paper documents as defined by Federal Rules of Evidence 1001(3) and 1001(4), and conform to the Business Records Act, 28 U.S.C. Sec. 1732 and to Federal Rules of Evidence 803 (6).

THANK YOU FOR YOUR BUSINESS
ORIGINAL

FM 401-INV 7/05

STRAIGHT BILL OF LADING · SHORT FORM · ORIGINAL · NOT NEGOTIABLE

BOL #: BOL 38533
Date: 11/21/2017

Carrier: Boat-S2 Contracted-Koch
Trucking

Received, subject to the individual and tariffs in effect on the date of issue of this Original Bill of Lading, the property described below, in apparent good order, except as noted (contents and condition of packages unknown), marked, consigned, and destined as indicated below, which said carrier (the word carrier being understood throughout this contract meaning any person or corporation in possession of the property under the contract) agrees to carry to its usual place of delivery at said destination, if on its route, otherwise to deliver to another carrier on the route to said destination. It is mutually agreed, as to each carrier of all or any of said property over all or any portion of said route to destination, and as to each party at any time interested in all or any of said property, that every service to be performed hereunder shall be subject to all terms and conditions of the Uniform Domestic Straight Bill of Lading set forth (1) in the Uniform Freight Classification in effect on the date hereof, if this is a rail or a motor shipment, or (2) in the applicable motor carrier classification or tariff if this is a motor carrier shipment. Shipper hereby certifies that he is familiar with all the terms and conditions of the said bill of lading, including those on the attachment thereof, set forth in the classification or tariff which governs the transportation of this shipment, and the said terms and conditions are hereby agreed to by the shipper and accepted for himself and his assigns.

| | | | |
|---|---|---|---|
| Dealer #: | 2858 | FOB Point: | Destination |
| Order #: | 38533 | Freight: | Collect |
| Order Date: | 6/5/2017 | | |
| Serial #: | SSUXA042I718 | | |

Subject to Section 7 of conditions, if this shipment is to be delivered to the consignee without recourse on the consignor, the consignor shall sign the following statement
The carrier shall not make delivery of this shipment without payment of freight and all other lawful charges
Per _____

**Shipper**
S2 YACHTS, INC
DBA TIARA YACHTS
725 EAST 40TH STREET
HOLLAND MI 49423
United States

Phone #: (616) 392-7163
Fax #: (616) 394-7465

**Drop Ship To**

Port Booking #:
Port Contact:

**Consignee**
OCEAN BLUE YACHT SALES LLC
420 SW FEDERAL HWY
STUART FL 34994

| Item | Quantity | Weight (lbs) | Class |
|---|---|---|---|
| Fiberglass Boat - TIARA C53 COUPE | 1.00 | 0.00 | 24540 |

* If the shipment moves between two ports by a carrier by water, the law requires that the bill of lading shall state whether it is carrier's weight or shipper's weight.

NOTE - Where the rate is dependent on value, shippers are required to state specifically in writing the agreed or declared value of the property. The agreed or declared value of the property is hereby stated by the shipper to be not exceeding _____ per _____

* Shipper's imprint in lieu of stamp not a part of bill of lading approved by the Interstate Commerce Commission.

This is to certify that the above-named materials are properly classified, described, packaged, marked and labeled, and are in proper condition for transportation according to the applicable regulations of the Department of Transportation.

Per _____

*FRNT Window Port & STB - Bent Frame -*
*Glass in Entire Boat -*
*Strap marks into Paint STB & Portside.*
*Gearmin Screens Scratched -*
*Winshild wipers hitting apoldry Bar*
*Keel & paint - Boot stripe.*
*WATER Damage - TBA- ?? Unkown Damage*

RECEIVED IN GOOD ORDER UNLESS OTHERWISE NOTED

COMPANY _____   DATE 12/4/18

BY _____   TITLE _____

## STRAIGHT BILL OF LADING - SHORT FORM - ORIGINAL - NOT NEGOTIABLE

BOL #: BOL  39572

Date:  12/8/2017

Carrier:  Boat-S2 Contracted-Koch Trucking

Received, subject to the classifications and tariffs in effect on the date of issue of this Original Bill of Lading, the property described below, in apparent good order, except as noted (contents and condition of packages unknown), marked, consigned, and destined as indicated below which said carrier (the word carrier being understood throughout this contract as meaning any person or corporation in possession of the property under the contract) agrees to carry to its usual place of delivery at said destination, if on its route, otherwise to deliver to another carrier on the route to said destination. It is mutually agreed, as to each carrier of all or any of said property over all or any portion of said route to destination, and as to each party at any time interested in all or any of said property, that every service to be performed hereunder shall be subject to all the terms and conditions of the Uniform Domestic Straight Bill of Lading set forth (1) in the Uniform Freight Classification in effect on the date hereof, if this is a rail or a rail-water shipment, or (2) in the applicable motor carrier classification or tariff if this is a motor carrier (other) shipment. Shipper hereby certifies that he is familiar with the terms and conditions of said bill of lading, including those on the back thereof, set forth in the classification or tariff which governs the transportation of this shipment, and the said terms and conditions are hereby agreed to by the shipper and accepted for himself and his assigns.

| | |
|---|---|
| Dealer #: 2466 | Subject to Section 7 of conditions, if this shipment is to be delivered to the consignee without recourse on the consignor, the consignor shall sign the following statement. The carrier shall not make delivery of this shipment without payment of freight and all other lawful charges. Per_____ |
| Order #: 39572 | |
| Order Date: 8/31/2017 | |
| Serial #: SSUXB103J718 | |

FOB Point:  Destination

Freight:  Collect

**Shipper**
S2 YACHTS, INC
DBA TIARA YACHTS
725 EAST 40TH STREET
HOLLAND MI 49423
United States

Phone #:  (616) 392-7163

Fax #:  (616) 394-7465

**Drop Ship To**

Port Booking #:

Port Contact:

**Consignee**
WALKER MARINE GROUP, INC
785 BALD EAGLE DRIVE
MARCO ISLAND FL 34145

| Items | Quantity | Weight | Class |
|---|---|---|---|
| Fiberglass Boat - TIARA C44 COUPE | 1.00 | 0.00 | 24540 |

If the shipment moves between two ports by a carrier by water the law requires that the bill of lading shall state whether it is carrier's weight or shipper's weight.

NOTE - Where the rate is dependent on value, shippers are required to state specifically in writing the agreed or declared value of the property. The agreed or declared value of the property is hereby stated by the shipper to be not exceeding _____ per _____

* Shipper's imprint in lieu of stamp not a part of bill of lading approved by the National Commerce Commission.

This is to certify that the above named materials are properly classified, described, packaged, marked and labeled, and are in proper condition for transportation according to the applicable regulations of the Department of Transportation.

Per _____

RECEIVED IN GOOD ORDER UNLESS OTHERWISE NOTED

COMPANY _____

BY _____

DATE 12,22,17

TITLE _____

# CASE SCHEDULING ORDER

**RE: CB, CH, CK, CZ AND PD CASE TYPES**

The Court, on its own motion, pursuant to MCR 2.401(B), orders as follows with respect to this case: S2 YACHTS INC VS KOCH COMPANIES                    <u>18-59552-CB</u>

PRETRIAL CONFERENCE: The pre-trial conference in this matter is scheduled for **THURSDAY JULY 26, 2018 at 9:45 AM**. Attorneys are expected to be present for the pretrial unless prior arrangements are made to participate by telephone or other electronic means. Unrepresented parties must appear for the pretrial and meet with the assigned judge.

APPEARANCE OF COUNSEL: Appearance of counsel is considered appearance of every member of the law firm.

ALL PLEADINGS: When filing any pleading a copy must be sent directly to the assigned judge.

PLEADING AMENDMENTS: Amendments to pleadings may be filed, without leave of the Court, within 28 days subsequent to the filing of the answer. Amendments filed thereafter maybe made only upon motion and good cause being found by the Court

JOINDER: All claims arising out of the transaction or occurrence that is the subject matter of this action shall be joined as required by court rule but not later than 70 days from service of the summons and complaint

DISCOVERY: Discovery must be completed within 91 days of service of the summons/complaint. Any motion to extend discovery shall be filed at least 28 days prior to the expiration of the 91 day time frame noted above. In addition any motion to compel shall be filed prior to the close of discovery.

INTERROGATORIES: Shall be limited to 25 questions, inclusive of subparts, except as otherwise may be ordered for good cause or upon written stipulation of the parties

WITNESSES: Witness lists in the form provided by MCR 2.401(I) shall be filed with the Court no later than 49 days prior to discovery completion. As to expert witnesses, the list shall include MCR 702 credentials

EXHIBITS: Exhibits must be exchanged by not later than 28 days prior to end of discovery. If no objections are filed by 14 days prior to end of discovery, the exhibits are admitted into evidence. Each party submitting exhibits must file a proof of service that the exhibits have been exchanged in accordance with this provision. Such proof of service must detail each exhibit exchanged. Any objection filed as required by this provision must refer to specific exhibits and must set forth the reason for objection

ALLEGAN COUNTY
FILED
APR 2 0 2018
DEPUTY CLERK

EXAMINATION:  Any medical or psychiatric examination required shall be completed and written reports made and furnished to parties by not later than 14 days prior to the end of discovery

DEFENSES/MOTIONS:  All defenses and/or motions not otherwise specified in this order (including for summary disposition under MCR 2.116 and motions in limine) shall be filed by not later than 14 days following expiration of discovery.

CASE EVALUATION:  The timing of case evaluation, or other ADR processes as may be appropriate for the case, will be determined at the pre-trial conference.

ADMISSIONS:  Admissions of fact shall be filed with the Court by not later than 28 days following case evaluation in order to avoid unnecessary proofs.

TRIAL:  Trial will be scheduled by the Court for a date within 63 days following the deadline for acceptance/rejection of case evaluation.

TRIAL BRIEFS/PROPOSED FINDINGS OF LAW/FACT:  Trial briefs and/or proposed findings of law/fact shall be filed by not later than 14 days prior to trial.

JURY INSTRUCTIONS:  In jury trials, an original and one copy of proposed jury instructions must be filed with the Court by not later than 14 days prior to trial and must be submitted in the following form:
    (A) Each page must be clearly numbered
    (B) Each page must clearly set forth the element or evidentiary issue to which the proposed instruction relates;
    (C) Only one instruction per page; and,
    (D) Each instruction must be followed by a complete citation of authority.

MODIFICATION OF SCHEDULING ORDER:  This Order is considered final unless otherwise modified by the Court.  Any motion to modify must state the reasons for the request, shall be based upon good cause and shall be brought on for hearing at the Court regular motion day held not later than 14 days subsequent to service of this Order.


Honorable Margaret Zuzich-Bakker
Circuit Judge

Honorable Roberts Kengis
Circuit Judge

## CB, CH, CK AND PD CASE TYPES

### NOTICE TO PLAINTIFF
### AND/OR PLAINTIFF'S ATTORNEY

1.  You must serve a copy of this notice and the case scheduling order with the summons and complaint.

2.  You must file a proof of service showing that the case scheduling order has been served on the defendants.

3.  Failure to file a proof of service may result in case dismissal or imposition of costs.

Honorable Margaret Zuzich-Bakker
Circuit Judge

Honorable Roberts Kengis
Circuit Judge