STATE OF MICHIGAN
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

S2 YACHTS, INC.,

    Plaintiff,

v.

KOCH COMPANIES,

    Defendant.

Case No. 1:18-cv-00600
Hon. Janet Neff
Magistrate

_____/

| HONIGMAN MILLER<br>  SCHWARTZ COHN<br>By: Joe Sadler (P71829)<br>300 Ottawa Avenue NW, Suite 400<br>Grand Rapids, MI 49503-2308<br>(616) 649-1904<br>*Attorney for Plaintiff* | SCOPELITIS, GARVIN, LIGHT,<br>  HANSON & FEARY<br>By: Michael J. Tauscher (P31718)<br>535 Griswold Street, Suite 181<br>Detroit, MI 48226<br>(313) 237-7400 / Fax (248) 963-7425<br>mtauscher@scopelitis.com<br>*Attorney for Defendants* |

_____/

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Koch Companies, through its attorney, Michael J. Tauscher of Scopelitis, Garvin, Light, Hanson & Feary, answer Plaintiffs' Complaint as follows:

    1.    No contest.

    2.    Admitted that Koch Companies is a Minnesota corporation, with its principal place of business in Golden Valley, Minnesota; Admitted that it has subsidiaries that provide trucking, brokerage and logistics services.

3. Plaintiff's allegations state legal conclusions that merit no response; to the extent an answer is required, Defendants are without information upon which to base an answer and therefore deny the allegations pending discovery of further facts and leave Plaintiff to its proofs.

4. Plaintiff's allegations state legal conclusions that merit no response; to the extent an answer is required, Defendants are without information upon which to base an answer and therefore deny the allegations pending discovery of further facts and leave Plaintiff to its proofs.

## FACTUAL BACKGROUND

5. Admitted that there was an agreement for the interstate transportation of a boat from Michigan to Florida; as to any remaining allegations, Defendants are without information upon which to base an answer and therefore deny the allegations pending discovery of further facts and leave Plaintiff to its proofs.

6. Plaintiff's allegations state legal conclusions that merit no response; to the extent an answer is required, Defendants are without information upon which to base an answer and therefore deny the allegations pending discovery of further facts and leave Plaintiff to its proofs.

7. Defendants are without information upon which to base an answer and therefore deny the allegations pending discovery of further facts and leave Plaintiff to its proofs.

8. Defendants are without information upon which to base an answer and therefore deny the allegations pending discovery of further facts and leave Plaintiff to its proofs.

9. Defendants are without information upon which to base an answer and therefore deny the allegations pending discovery of further facts and leave Plaintiff to its proofs.

10. Defendants are without information upon which to base an answer and therefore deny the allegations pending discovery of further facts and leave Plaintiff to its proofs.

11. Defendants are without information upon which to base an answer and therefore deny the allegations pending discovery of further facts and leave Plaintiff to its proofs.

12. Defendants are without information upon which to base an answer and therefore deny the allegations pending discovery of further facts and leave Plaintiff to its proofs.

13. Defendants are without information upon which to base an answer and therefore deny the allegations pending discovery of further facts and leave Plaintiff to its proofs.

14. Plaintiff's allegations state legal conclusions that merit no response; to the extent an answer is required, Defendants are without information upon which to base an answer and therefore deny the allegations pending discovery of further facts and leave Plaintiff to its proofs.

15. Defendants deny that reimbursement is required; as to any remaining allegations Defendants are without information upon which to base an answer and therefore deny the allegations pending discovery of further facts and leave Plaintiff to its proofs.

16. Admitted that Koch has declined to pay Plaintiff; as to any remaining allegations, Defendants are without information upon which to base an answer and therefore deny the allegations pending discovery of further facts and leave Plaintiff to its proofs.

17. Plaintiff's allegations state legal conclusions that merit no response; to the extent an answer is required, Defendants are without information upon which to base an answer and therefore deny the allegations pending discovery of further facts and leave Plaintiff to its proofs.

18. Admitted that Koch has declined to pay Plaintiff; as to any remaining allegations Defendants are without information upon which to base an answer and therefore deny the allegations pending discovery of further facts and leave Plaintiff to its proofs.

19. Plaintiff's allegations state legal conclusions that merit no response; to the extent an answer is required, Defendants are without information upon which to base an answer and therefore deny the allegations pending discovery of further facts and leave Plaintiff to its proofs.

20. Plaintiff's allegations state legal conclusions that merit no response; to the extent an answer is required, Defendants are without information upon which to

base an answer and therefore deny the allegations pending discovery of further facts and leave Plaintiff to its proofs.

## COUNT I – BREACH OF CONTRACT

21. Plaintiff's allegations state legal conclusions that merit no response; to the extent an answer is required, Defendants are without information upon which to base an answer and therefore deny the allegations pending discovery of further facts and leave Plaintiff to its proofs.

22. Defendants deny any negligence for reason it is untrue; as to any remaining allegations Defendants are without information upon which to base an answer and therefore deny the allegations pending discovery of further facts and leave Plaintiff to its proofs.

23. Plaintiff's allegations state legal conclusions that merit no response; to the extent an answer is required, Defendants are without information upon which to base an answer and therefore deny the allegations pending discovery of further facts and leave Plaintiff to its proofs.

24. Plaintiff's allegations state legal conclusions that merit no response; to the extent an answer is required, Defendants are without information upon which to base an answer and therefore deny the allegations pending discovery of further facts and leave Plaintiff to its proofs.

25. Defendants are without information upon which to base an answer and therefore deny the allegations pending discovery of further facts and leave Plaintiff to its proofs.

WHEREFORE, Defendant Koch Companies pray this Honorable Court dismiss the Complaint with prejudice or, alternatively, enter a judgment of no cause of action against Plaintiff in favor of Koch Companies, also awarding Defendant Koch Companies its costs and attorney fees incurred in defense of this claim.

> SCOPELITIS, GARVIN, LIGHT,
> HANSON & FEARY

Dated:  June 8, 2018

/s/ Michael J. Tauscher
By:  Michael J. Tauscher (P31718)
535 Griswold Street, Suite 181
Detroit, MI  48226
(313) 237-7400 / Fax (248) 963-7425
mtauscher@scopelitis.com
*Attorney for Defendants*

## SPECIAL AND/OR AFFIRMATIVE DEFENSES

1. Plaintiff's damages are due to the acts or omissions of other parties not presently part of this action.

2. Plaintiff's claimed damages, other than for actual loss of the goods being shipped, are preempted.  Additionally, certain of those damage claims are not foreseeable nor within the contemplation of the parties to the contract.

3. Plaintiff's claims may be barred, in whole or in part, by his refusal to permit inspection of the allegedly damaged goods and by unilaterally undertaking repairs or replacement.

4. In the event that the shipment moved subject to any limitation of liability, the Plaintiff herein may not recover in excess of such limitation.

5. Plaintiff's claims may be barred in whole or in part by the acts of the shipper, including, but not limited to the loading or packaging of the goods transported.

6. Plaintiff's claims may be barred, in whole or part, by their failure to follow the contractual claims procedure and/or the claim requirements of the Carmack Amendment.

7. Plaintiff's claims may be barred or limited, either in whole or in part, due to Plaintiffs' own negligence.

8. If there is a legally recognizable claim for negligence, Plaintiff's damages are limited, in whole or in part, by its own negligence or that of its agents or contractors.

9. Plaintiff's claims may be barred or limited, either in whole or in part, by the terms of the shipping contract, bill of lading, applicable tariffs, classifications, service guides, regulations and similar controlling authority.

10. Plaintiff's claims may be barred by its failure to mitigate its damages.

11. Plaintiff's alleged damages are limited by the economic loss doctrine applicable to this contract between two corporate entities.

12. Plaintiff's claims may be barred, in whole or in part, by its failure to make a claim in accordance with the applicable contract, tariff, rules and/or regulations.

13. Plaintiff's claimed damages are not foreseeable and therefore not recoverable.

14. Plaintiff's claims may be barred or limited, in whole or in part, due to failure to comply with notice and/or claim filing limitations.

15. Plaintiff's claims may be barred, in whole or in part, by the applicable statutes of limitations, or terms and conditions of applicable tariffs, regulations or contract terms.

16. Defendant herein reserves the right to add further Affirmative Defenses as may become known during the discovery of this case.

SCOPELITIS, GARVIN, LIGHT,
   HANSON & FEARY

Dated:  June 8, 2018

/s/ Michael J. Tauscher
By:  Michael J. Tauscher (P31718)
535 Griswold Street, Suite 181
Detroit, MI  48226
(313) 237-7400 / Fax (248) 963-7425
mtauscher@scopelitis.com
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF filing system, which will send notification of such filing to the following: Joe Sadler, Honigman Miller Schwartz and Cohn, LLP, 300 Ottawa Avenue NW, Suite 400, Grand Rapids, MI  49503.

SCOPELITIS, GARVIN, LIGHT,
   HANSON & FEARY

Dated:  June 8, 2018

/s/ Michael J. Tauscher
By:  Michael J. Tauscher (P31718)
535 Griswold Street, Suite 181
Detroit, MI  48226
(313) 237-7400 / Fax (248) 963-7425
mtauscher@scopelitis.com
*Attorney for Defendants*