STATE OF MICHIGAN
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

S2 YACHTS, INC.,

     Plaintiff,

                                       Case No. 1:18-cv-00600

v.                                    Hon. Janet Neff
                                        Magistrate

KOCH COMPANIES,

     Defendant.

_____/

| | |
|---|---|
| HONIGMAN MILLER<br>   SCHWARTZ COHN<br>By: Joe Sadler (P71829)<br>300 Ottawa Avenue NW, Suite 400<br>Grand Rapids, MI 49503-2308<br>(616) 649-1904<br>*Attorney for Plaintiff* | SCOPELITIS, GARVIN, LIGHT,<br>   HANSON & FEARY<br>By: Michael J. Tauscher (P31718)<br>535 Griswold Street, Suite 181<br>Detroit, MI 48226<br>(313) 237-7400 / Fax (248) 963-7425<br>mtauscher@scopelitis.com<br>*Attorney for Defendant* |

_____/

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Stan Koch & Sons Trucking, Inc. d/b/a Koch Companies, through its attorney, Michael J. Tauscher of Scopelitis, Garvin, Light, Hanson & Feary, answer Plaintiff's Complaint as follows:

1.     S2 Yachts, Inc. is a Michigan corporation based in Holland, Michigan.  It designs, builds and repairs boats, among other things.  It does business under the name "Tiara Yachts."

**ANSWER:**      No contest.


2.     Koch Companies is a Minnesota corporation based in Golden Valley, Minnesota.  It provides trucking, brokerage and logistics services.

**ANSWER:**      Admitted that Stan Koch & Sons Trucking, Inc. d/b/a Koch Companies is a Minnesota corporation, with its principal place of business in Golden Valley, Minnesota; Admitted that it has subsidiaries that provide trucking, brokerage and logistics services.


3.     This Court has jurisdiction over Koch because it entered into a contract to perform services in Michigan.  MCL 600.715.

**ANSWER:**      Plaintiff's allegations state legal conclusions that merit no response; to the extent an answer is required, Defendant is without information upon which to base an answer and therefore denies the allegations pending discovery of further facts and leaves Plaintiff to its proofs.

4.     Venue is proper because the Plaintiff is domiciled here and the contract was to be performed, in part, in Allegan County.  MCL 600.1621(b).

**ANSWER:**     Plaintiff's allegations state legal conclusions that merit no response; to the extent an answer is required, Defendant is without information upon which to base an answer and therefore denies the allegations pending discovery of further facts and leaves Plaintiff to its proofs.

### FACTUAL BACKGROUND

5.     S2 Yachts contracted with Koch to transport a luxury yacht, bearing hull number XA042, from Michigan to Stuart, Florida.  (*See* Exhibit A, Contract).  S2 intended to exhibit XA042 at boat shows in Florida, specifically the Miami Boat Show.  XA042 had a retail value of approximately $1.7 million dollars when it left S2's custody.

**ANSWER:**     Admitted that there was an agreement for the interstate transportation of a boat from Michigan to Florida; as to any remaining allegations, Defendant is without information upon which to base an answer and therefore denies the allegations pending discovery of further facts and leaves Plaintiff to its proofs.

6.    On or about December 7, 2017, Koch took custody of the boat in Holland and loaded it onto one of its trucks.

**ANSWER:**    Plaintiff's allegations state legal conclusions that merit no response; to the extent an answer is required, Defendant is without information upon which to base an answer and therefore denies the allegations pending discovery of further facts and leaves Plaintiff to its proofs.

7.    From the time XA042 left S2's location, until its delivery in Florida, the boat was in the legal and actual custody of Koch. During that time, Koch owed contractual and common law duties to S2 to maintain the boat in a damage-free condition.

**ANSWER:**    Plaintiff's allegations state legal conclusions that merit no response; to the extent an answer is required, Defendant is without information upon which to base an answer and therefore denies the allegations pending discovery of further facts and leaves Plaintiff to its proofs.

8. On or about December 12, 2017, Koch's driver attempted to cross under an overpass in Ohio. The overpass was too low and lacked sufficient clearance for XA042. The boat crashed into the overpass and suffered significant damage.

**ANSWER:** Defendant is without information upon which to base an answer and therefore denies the allegations pending discovery of further facts and leaves Plaintiff to its proofs.

9. Koch eventually delivered XA042 to Stuart, Florida in a heavily damaged state.

**ANSWER:** Defendant is without information upon which to base an answer and therefore denies the allegations pending discovery of further facts and leaves Plaintiff to its proofs.

10. S2 immediately took steps to repair the boat, including sending experienced technicians from Michigan to Florida to assess the damage and assist in repairs.

**ANSWER:**     Defendant is without information upon which to base an answer and therefore denies the allegations pending discovery of further facts and leaves Plaintiff to its proofs.

11.     S2 did not ask Koch for pre-payment of the repair bill before beginning – which, as the Court will see, would have been fruitless. Rather, S2 funded the repairs out of its own pocket.

**ANSWER:**     Defendant is without information upon which to base an answer and therefore denies the allegations pending discovery of further facts and leaves Plaintiff to its proofs.

12.     S2 advised Koch that it was repairing the boat, which could not have been a surprise to Koch.  It also advertised that the repairs would be in the neighborhood of $130,000.  At no time did Koch ask to inspect XA042 after it dropped the boat off in Florida.

**ANSWER:**     Defendant is without information upon which to base an answer and therefore denies the allegations pending discovery of further facts and leaves Plaintiff to its proofs.

13.     The total bills for the damages are $124,493.41. This includes approximately $53,000 in parts and $52,000 in direct labor provided by S2's service technicians.

**ANSWER:**     Defendant is without information upon which to base an answer and therefore denies the allegations pending discovery of further facts and leaves Plaintiff to its proofs.

14.     In light of XA042's $1.7 million price tag, and the incredible trauma that the vessel endured when slammed into a concrete overpass, these bills are reasonable on their face. S2 is qualified to provide repair services to its own boat, XA042.  Both the hourly rate of the servicepersons, and the time spent on the repairs, are reasonable and consistent with industry norms.

**ANSWER:**     Plaintiff's allegations state legal conclusions that merit no response; to the extent an answer is required, Defendant is without information upon which to base an answer and therefore denies the allegations pending discovery of further facts and leaves Plaintiff to its proofs.

15.    Koch has not reimbursed S2 a single dollar for this accident.

**ANSWER:**    Defendant denies that reimbursement is required; as to any remaining allegations Defendant is without information upon which to base an answer and therefore denies the allegations pending discovery of further facts and leaves Plaintiff to its proofs.

16.    Koch has denied that it is at fault, apparently on the grounds that one of its subcontractors selected the route and directed Koch's driver into the overpass.

**ANSWER:**    Admitted that Koch has denied it is at fault; as to any remaining allegations, Defendant is without information upon which to base an answer and therefore denies the allegations pending discovery of further facts and leaves Plaintiff to its proofs.

17.    Whether or not this is true, it is not a defense to S2's claims. S2 contracted with Koch only, and its subcontractor's alleged negligence does not violate the duties that Koch owed under the contract and common law.

**ANSWER:** Plaintiff's allegations state legal conclusions that merit no response; to the extent an answer is required, Defendant is without information upon which to base an answer and therefore denies the allegations pending discovery of further facts and leaves Plaintiff to its proofs.

18. Koch has also generally alleged that the repair costs are inflated, and has declined to make any payment for this reason.

**ANSWER:** Admitted that Koch has declined to pay Plaintiff; as to any remaining allegations Defendant is without information upon which to base an answer and therefore denies the allegations pending discovery of further facts and leaves Plaintiff to its proofs.

19. Koch is a trucking company and has no expertise in the construction or repair of watercraft.

**ANSWER:** Plaintiff's allegations state legal conclusions that merit no response; to the extent an answer is required, Defendant is without information upon which to base an answer and therefore denies the allegations pending discovery of further facts and leaves Plaintiff to its proofs.

20. Koch's allegations are simply self-serving speculation designed to create a pretext for non-payment.

**ANSWER:** Plaintiff's allegations state legal conclusions that merit no response; to the extent an answer is required, Defendant is without information upon which to base an answer and therefore denies the allegations pending discovery of further facts and leaves Plaintiff to its proofs.

## COUNT I – BREACH OF CONTRACT

21. Under the parties' contract, as well as common law principles, Koch is liable for any loss or damage to XA042.

**ANSWER:** Plaintiff's allegations state legal conclusions that merit no response; to the extent an answer is required, Defendant is without information upon which to base an answer and therefore denies the allegations pending discovery of further facts and leaves Plaintiff to its proofs.

22. XA042 was damaged as a result of the negligence/mistake of Koch or, potentially one of its third party subcontractors.

**ANSWER:** Defendant denies any negligence for reason it is untrue; as to any remaining allegations Defendant is without information upon which to base an answer and therefore denies the allegations pending discovery of further facts and leaves Plaintiff to its proofs.

23. The possible negligence of a subcontractor is not a defense, under the contract and common law, against S2's claims.

**ANSWER:** Plaintiff's allegations state legal conclusions that merit no response; to the extent an answer is required, Defendant is without information upon which to base an answer and therefore denies the allegations pending discovery of further facts and leaves Plaintiff to its proofs.

24. S2 is free from any fault and did not cause or contribute to the accident which damaged XA042.

**ANSWER:** Plaintiff's allegations state legal conclusions that merit no response; to the extent an answer is required, Defendant is without information upon which to base an answer and therefore denies the allegations pending discovery of further facts and leaves Plaintiff to its proofs.

25. S2 incurred $124,493.41 (inclusive of parts and labor) in repairing XA042.

**ANSWER:** Defendant is without information upon which to base an answer and therefore denies the allegations pending discovery of further facts and leaves Plaintiff to its proofs.

WHEREFORE, Defendant Stan Koch & Sons Trucking, Inc. d/b/a Koch Companies pray this Honorable Court dismiss the Complaint with prejudice or, alternatively, enter a judgment of no cause of action against Plaintiff in favor of Defendant Stan Koch & Sons Trucking, Inc. d/b/a Koch Companies, also awarding Defendant Stan Koch & Sons Trucking, Inc. d/b/a Koch Companies its costs and attorney fees incurred in defense of this claim.

SCOPELITIS, GARVIN, LIGHT,<br>HANSON & FEARY

Dated:  June 11, 2018

/s/ Michael J. Tauscher
By:  Michael J. Tauscher (P31718)
535 Griswold Street, Suite 181
Detroit, MI  48226
(313) 237-7400 / Fax (248) 963-7425
mtauscher@scopelitis.com
*Attorney for Defendant*

## SPECIAL AND/OR AFFIRMATIVE DEFENSES

1.    Plaintiff's damages are due to the acts or omissions of other parties not presently part of this action.

2.    Plaintiff's claimed damages, other than for actual loss of the goods being shipped, are preempted.  Additionally, certain of those damage claims are not foreseeable nor within the contemplation of the parties to the contract.

3.    Plaintiff's claims may be barred, in whole or in part, by his refusal to permit inspection of the allegedly damaged goods and by unilaterally undertaking repairs or replacement.

4. In the event that the shipment moved subject to any limitation of liability, the Plaintiff herein may not recover in excess of such limitation.

5. Plaintiff's claims may be barred in whole or in part by the acts of the shipper, including, but not limited to the loading or packaging of the goods transported.

6. Plaintiff's claims may be barred, in whole or part, by their failure to follow the contractual claims procedure and/or the claim requirements of the Carmack Amendment.

7. Plaintiff's claims may be barred or limited, either in whole or in part, due to Plaintiff's own negligence.

8. If there is a legally recognizable claim for negligence, Plaintiff's damages are limited, in whole or in part, by its own negligence or that of its agents or contractors.

9. Plaintiff's claims may be barred or limited, either in whole or in part, by the terms of the shipping contract, bill of lading, applicable tariffs, classifications, service guides, regulations and similar controlling authority.

10. Plaintiff's claims may be barred by its failure to mitigate its damages.

11. Plaintiff's alleged damages are limited by the economic loss doctrine applicable to this contract between two corporate entities.

12. Plaintiff's claims may be barred, in whole or in part, by its failure to make a claim in accordance with the applicable contract, tariff, rules and/or regulations.

13. Plaintiff's claimed damages are not foreseeable and therefore not recoverable.

14. Plaintiff's claims may be barred or limited, in whole or in part, due to failure to comply with notice and/or claim filing limitations.

15. Plaintiff's claims may be barred, in whole or in part, by the applicable statutes of limitations, or terms and conditions of applicable tariffs, regulations or contract terms.

16. Defendant herein reserves the right to add further Affirmative Defenses as may become known during the discovery of this case.

SCOPELITIS, GARVIN, LIGHT,
HANSON & FEARY

Dated:  June 11, 2018

/s/ Michael J. Tauscher
By:  Michael J. Tauscher (P31718)
535 Griswold Street, Suite 181
Detroit, MI  48226
(313) 237-7400 / Fax (248) 963-7425
mtauscher@scopelitis.com
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF filing system, which will send notification of such filing to the following: Joe Sadler, Honigman Miller Schwartz and Cohn, LLP, 300 Ottawa Avenue NW, Suite 400, Grand Rapids, MI  49503.

SCOPELITIS, GARVIN, LIGHT,
HANSON & FEARY

Dated:  June 11, 2018

/s/ Michael J. Tauscher
By:  Michael J. Tauscher (P31718)
535 Griswold Street, Suite 181
Detroit, MI  48226
(313) 237-7400 / Fax (248) 963-7425
mtauscher@scopelitis.com
*Attorney for Defendant*